

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THOMAS BRANDON WALLS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:14-CV-927-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Thomas Brandon Walls, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On June 13, 2008, in Tarrant County, Texas, petitioner, represented by trial counsel Marcus Norman, entered an open plea of guilty to aggravated robbery with a deadly weapon, and the

trial court assessed his punishment at twenty years' confinement. Adm. R., Clerk's R., 19, ECF No. 9-12.  Thereafter, three motions for new trial were filed on petitioner's behalf:  a motion by trial counsel, Bryan K. Buchanan; a motion by trial counsel, Marcus Norman; and a motion by retained counsel, Shawn W. Paschall, who was substituted for Norman.  The third motion, relevant to this action, asserted, among other things, that petitioner's guilty plea was involuntary because trail counsel Marcus Norman promised petitioner and his family that petitioner would get probation and that counsel went to law school with the trial judge and had a special relationship with her.  *Id.*, Clerk's R., 23, 26, 29, 32, 40, ECF No. 9-12.  The motion was denied after hearings on August 25, 2008, and August 25, 2008.  Adm. R., Reporter's R., vol. 4 & vol. 5, 23, ECF No. 9-9.  Petitioner appealed and retained counsel Larry Finstrom to represent him following Paschall's withdrawal.  On appeal, the Second Court of Appeals abated and remanded the case "for purposes of the trial court to reconsider its ruling on appellant's motion for new trial and/or to conduct a new or additional hearing on appellant's motion for new trial."  *Id.*, Supp. Reporter's R., vol 1., 5, ECF No. 9-11.  On April 15, 2009, after a hearing in which Norman and his paralegal testified, the

2

trial court again denied the motion for new trial. *Id.* at 51. Subsequently, on August 25, 2010, the appellate court affirmed the trial court's judgment and, due to the "disturbing allegations in the record concerning" Norman, ordered the clerk to provide a copy of its opinion to the Office of the Chief Disciplinary Counsel and the Office of the General Counsel of the State Bar of Texas. On August 25, 2010, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review (PDR). *Id.*, Mem. Op., 10, ECF No. 9-4 & Docket Sheet, ECF No. 2. Petitioner did not seek writ of certiorari.

Petitioner also sought state habeas relief by filing four applications challenging his conviction. The first, filed on December 7, 2011, was dismissed on January 25, 2012, by the Texas Court of Criminal Appeals for noncompliance with Rule 73.1 of the Texas Rules of Appellate Procedure. *Id.*, WR-77,004-01 Writ, cover & 2, ECF No. 9-20. The second, filed on February 6, 2012, was denied by the Texas Court of Criminal Appeals on the findings of the trial court on March 28, 2012. *Id.*, WR-77,004-02, Writ, cover & 2, ECF No. 9-21. The third, filed on December 3, 2012, was dismissed as a subsequent petition by the Texas Court of Criminal Appeals on February 20, 2013. *Id.*, WR-77,004-03, Writ, cover & 2, ECF No. 9-23. The fourth, filed on August 8, 2014,

was also dismissed by the Texas Court of Criminal Appeals as a subsequent petition on November 5, 2014. *Id.*, WR-77,004-04, Writ, 2, ECF No.9-25 & Action Taken, cover, ECF No. 9-24. This federal petition was filed on November 13, 2014. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998).[1]

## II. Issues

Petitioner raises four grounds for relief alleging ineffective assistance of trial and appellate counsel. Generally, petitioner claims—

(1) Trial counsel was ineffective by inducing and misleading him to enter an open plea by promising probation and telling him and his family that counsel went to law school with the trial judge and had a special relationship with the judge;

(2) Appellate counsel was ineffective on direct appeal by failing to investigate his ineffective-assistance claim (IAC) against trial counsel and having the trial judge recused on remand;

(3) Appellate counsel was ineffective by failing to perfect the PDR; and

(4) Appellate counsel was ineffective by making a claim of IAC on both direct appeal and habeas corpus without first developing the record.

---

[1] State habeas applications are also deemed filed when placed in the prison mailing system, however petitioner's state applications do not reflect this information. *Campbell v. State*, 320 S.W.3d 338, 339 (Tex. Crim. App. 2010).

4

Pet. at 6-7.[2]

### III. Statute of Limitations

Respondent contends the petition is untimely. Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed

---

[2] The pages of the petition are not paginated, therefore the pagination in the ECF header is followed.

application for State post-conviction or other
collateral review with respect to the pertinent
judgment or claim is pending shall not be counted
toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner explains his untimely filing as follows (all spelling, punctuation and grammatical errors are in the original):

> Petitioner retained the services for direct appeal of Larry Finstrom. The court of appeals remanded the case, due to previous misconduct on part of attorney Marcus Norman and claims of ineffective assistance of counsel. When the court of appeals affirmed, attorney Finstrom filed a PDR to the Texas Court of Crim. Appeal. This attorney failed to comply with the law and the CCA dismissed the PDR, counsel did inform the petitioner that he would perfect the PDR and failed to do so. Counsel without first advising the petitioner substituted the PDR for a writ of habeas corpus to the State Court and filed the same identical claims by way of application for habeas corpus. This attorney did not include his failures on this first state writ application. That counsel intentionally omitted his failure to perfect the PDR, his failure to interview, call as a material witness or have the trial court remove her from presiding on the case.
>
> Petitioner did not ascertain that Marcus Norman his attorney at trial level had in fact engaged in criminal conduct, along with making deals with his paralegal that he had identified as a paralegal legal, but in essence was merely being used to gather clients for the attorney, to offset legal fees for representation for the paralegals son. That the paralegal had no training or skills, except for serving three state prison terms. And had performed no legal work for the attorney.
>
> The basis was that trial counsel told the petitioner,

6

his parents that he went to school with the Judge and that he had made a deal with the trial court judge that the petitioner would get probation in exchange for his open guilty plea. The Attorneys paralegal testified that he witness this statement. The Texas Court of Appeals Second forwarded a complaint to the Texas Bar and or disciplinary authorities in regards to counsels conduct in this case and this was not his first instance of misconduct.

Petitioner states that when he discovered that his appellant counsel mislead him about the PDR and failed to consult and or advise the petitioner he was going to substitute the PDR for a habeas corpus application, the CCA had dismissed the habeas application for non-compliance as well thereby foreclosing any meaningful review of the petitioners claims that his guilty plea was a product of fraud-deceit and criminal misconduct on part of his counsel at his guilty plea. That the claims of ineffective assistance of counsel claims were raised on direct appeal and motion for new trial and when counsel raised the same claim on habeas corpus (First application), the United States Supreme Court was considering whether such procedure was fair as to Texas inmates. That is raising IAC claims on direct appeal. Petitioner did not discover that his attorney had foreclosed review until the CCA dismissed his writ application filed by his attorney.

Petitioner states that in May 28, 2013 the United States Supreme Court in Trevino vs Thaler held that a Texas inmate can make the claim because Texas made it virtually impossible to raise such an issue or claim on direct appeal. The Petitioner further states that the Supreme Court held in Missouri vs Frye, that a criminal defendant was entitled to ineffective assistance of counsel at the guilty plea stages as well. And that based upon 28 USC section 2244(d)(1)(C)-(D) and the second state writ application filed was within the time limits authorized by the Antiterrorism and Effective Death Penalty Act of 1996, as contained above at 28 United States Code Section 2244 and should be permitted to proceed.

7

> Thomas Brandon Walls asserts that his second state application for habeas corpus in light of the above must first be filed with the state courts for exhaustion purposes under 28 United States Code Section 2254(b)(1) in accordance with Gochicoa vs Johnson, 118 F3d 440, 444 (5th Cir. 1997) and Villegas vs Johnson, 184 F3d 467 (5th Cir, 1999) (cases cited therein in support thereof). Before a federal court can entertain his federal writ of habeas corpus and any event as a matter of law.
>
> Alternatively, that under the United States Supreme Court decision Holland vs Florida, that equitable tolling should be applied here after Walls discovered that both his trial counsel and appellant counsel was ineffective, that he diligently sought habeas relief by filing a second state application for habeas relief and within the time after the United States Supreme Court decision in May 28, 2013 in the Trevino vs Thaler case.

Pet. 9 & Attach., ECF No. 1.

Under his first ground, petitioner asserts ineffective assistance of trial counsel, Marcus Norman, during the plea proceedings. Under subsection (A), applicable to this claim, limitations began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on November 23, 2010, and the limitations period closed one year later on November 23, 2011, absent any tolling. See id. § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197

8

(5th Cir. 1998); SUP. CT. R. 13. Petitioner's state habeas applications filed after limitations had already expired did not operate to toll limitations. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the petition is untimely as to ground one if petitioner is not entitled to tolling as a matter of equity.

Under his second, third and fourth grounds, petitioner asserts ineffective assistance of appellate counsel, Larry Finstrom. Petitioner claims he did not learn of appellate counsel's ineffectiveness until the Texas Court of Criminal Appeals dismissed his first state habeas application on January 25, 2012, as a result of counsel's noncompliance with Texas Rule of Appellate Procedure 73.1. First, the court notes that petitioner's third ground is factually incorrect. According to the state court's website, appellate counsel redrew the PDR and it was considered, but refused, by the Texas Court of Criminal Appeals. Second, assuming petitioner's assertion to be true, he discovered the factual predicate of his second and fourth claims on January 25, 2012, the date his first state habeas application was dismissed for noncompliance. Under subsection (D), limitations expired one year later on January 25, 2013, absent any tolling. Petitioner's fourth state habeas application, wherein he raised his claims against appellate counsel for the

9

first time, filed on August 8, 2014, after limitations had already expired did not operate to toll limitations. *Id.* Thus, the petition is also untimely as to grounds two and four if petitioner is not entitled to tolling as a matter of equity.

For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). Attorney error or neglect is not an extraordinary circumstance warranting equitable tolling. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). Nor does petitioner's own mistake or unfamiliarity with the law warrant equitable tolling. *Id.* Petitioner urges that he had to first exhaust his state court remedies before seeking federal habeas relief. However, exhaustion of state court remedies is a requirement for all state prisoners seeking postconviction federal habeas relief under § 2254, unless there is an absence of state "corrective process" or "circumstances exist that render such process ineffective." 28 U.S.C. § 2245(b)(1). Therefore, the exhaustion requirement is not a rare or exceptional circumstance warranting equitable tolling.

10

Petitioner's reliance on *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), does not aid him either. *Frye* merely applies the right to effective assistance of counsel to plea negotiations. 132 S. Ct. at 1408. And, *Trevino* addresses excusing a procedural default of an ineffective-assistance claim. 133 S. Ct. 1911, 1921. The cases do not touch on the issue of limitations or equitable tolling of the limitations period. *See Humphries v. Stephens*, No. 4:13-CV-745-A, 2014 WL 308404, at *3 (N.D.Tex. Jan. 28, 2014). Even if they were applicable to petitioner claims, *Frye* was decided on March 21, 2012, and *Trevino* was decided on May 28, 2013. Petitioner waited until August 2014 to seek state habeas relief regarding his claims and until November 2014 to seek federal habeas relief. Petitioner has not shown that he pursued his rights with "reasonable diligence" but was prevented from filing a petition within the time allowed by some extraordinary circumstance. *Holland*, 130 S. Ct. at 2565 (quoting *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996)). "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Petitioner's federal petition was due on or before November 23, 2011. His petition, filed on November 13, 2014, over three

years later, is, therefore, untimely.

For the reasons discussed herein,

It is ORDERED that respondent's motion to dismiss be, and is hereby, granted and the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. It is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED April 22, 2015.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE